UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| FLORENCE GOSSER, § § Plaintiff, § § v. § CAPITAL ONE BANK (USA), N.A., § § Defendant. § | No. 1:19-cv-00094 |

## **COMPLAINT**

NOW COMES Plaintiff, FLORENCE GOSSER ("Plaintiff"), by her attorneys, and hereby alleges the following against CAPITAL ONE BANK (USA), N.A. ("Defendant"):

### Nature of the Action

1. Plaintiff's Complaint arises under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*. and for invasion of privacy by intrusion upon seclusion

### Jurisdiction and Venue

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1367, and 47 U.S.C. § 227.

3. 28 U.S.C. § 1367 grants this Court supplemental jurisdiction over the claims arising under state law and common law.

4. Venue is proper pursuant to 28 U.S.C. 1391(b)(1) as the conduct giving rise to this action occurred in this district, as Plaintiff resides in this district and Defendant transacts business in this district.

### Parties

5. Plaintiff is a natural person residing in Trafalgar, Indiana.

6. Defendant is a business entity with headquarters located in McLean, Virginia.

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## Factual Allegations

8. Defendant has been placing calls to telephone number (317) 509-47XX.

9. Telephone number (317) 509-47XX has been assigned to Plaintiff's cellular telephone.

10. These telephone calls are not for emergency purposes.

11. These telephone calls were in connection with an alleged credit card debt.

12. The alleged debt arises from transactions which were used primarily for personal, family, and/or household purposes.

13. Upon information and good faith belief, and in light of the frequency, number, nature, and character of these calls, and based on Defendant's representations to Plaintiff, Defendant used an automatic telephone dialing system to call Plaintiff's cell phone.

14. On or about June 19, 2018, Plaintiff spoke with one of Defendant's employees.

15. Plaintiff instructed Defendant's employee to stop calling her cell phone.

16. Defendant continued to use an automatic telephone dialing system to call Plaintiff's cell phone after June 19, 2018.

17. Plaintiff estimates that between June 20, 2018, and December 12, 2018, Defendant called her cell phone at least 182 times.

18. Defendant did not have Plaintiff's express consent to use an automatic telephone dialing system to place these calls.

19. Defendant knew that it did not have Plaintiff's express consent to use an automatic telephone dialing system to place these calls.

20. Defendant intended to use an automatic telephone dialing system to place these calls and did so voluntarily, knowingly, and willfully.

21. Respondent's blatant disregard for Claimant's instruction and repeated calls constitute harassment.

22. Plaintiff felt annoyed and harassed by Defendant's calls.

## COUNT I
### Defendant Violated the Telephone Consumer Protections Act

23. Plaintiff repeats, reiterates and incorporates by reference into this cause of action the allegations set forth above with the same force and effect as if the same were set forth at length herein.

24. Defendant's actions alleged *supra* constitute numerous violations of the TCPA, entitling Plaintiff to an award of $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B).

25. Defendant's actions alleged *supra* constitute numerous and multiple knowing and/or willful violates of the TCPA, entitling Plaintiff to an award of $1500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C). Defendant willfully used an automatic telephone dialing system to call Plaintiff's cell phone.

## Court II
### Invasion of Privacy for Intrusion Upon Seclusion

26. Plaintiff re-alleges each of the foregoing as fully set forth herein.

27. Plaintiff had a reasonable expectation of privacy in her solitude seclusion, private concerns and affairs.

28. Defendant, and/or its agents, negligently and/or intentionally interfered, physically or otherwise, with the solitude, seclusion and private concerns of Plaintiff by

repeatedly and unlawfully calling Plaintiff's cellular telephone, and by continuing to call Plaintiff after she clearly asked Defendant to stop.

29. The conduct of Defendant, and/or its agents, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy, which occurred in a way that would be highly offensive to a reasonable person in that position.

## Prayer for Relief

WHEREFORE, Plaintiff prays that judgment be entered against the Defendant for the following:

30. Statutory damages of $500.00 for each and every violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B);

31. Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(b) and 47 U.S.C. § (b)(3)(C);

32. All actual, compensatory, punitive, and other damages to which Plaintiff is entitled;

33. Award reasonable attorneys' fees, litigation expenses and costs; and

34. Any other relief that this Honorable Court deems appropriate.

|  | Respectfully submitted, |
|---|---|
| Dated: January 10, 2019 | _____ |
|  | Adam T. Hill |
|  | KROHN & MOSS, LTD. |
|  | 10 N. Dearborn St., 3rd Fl. |
|  | Chicago, Illinois 60602 |
|  | Telephone:  312-578-9428 |
|  | Telefax:  866-861-1390 |
|  | ahill@consumerlawcenter.com |
|  | Attorneys for Plaintiff |